UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAYMOND MILLER, | ) | CASE NO. 1:10 CV 37 |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| TIMOTHY MIRACLE, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Pro se plaintiff Raymond Miller filed this action under 42 U.S.C. § 1983 against Parole Officer Timothy Miracle, the Ohio Adult Parole Authority ("OAPA") and the City of Lakewood Police Department. In the Complaint, Mr. Miller asserts that Mr. Miracle tampered with evidence and worked to get him indicted by the federal government in 2007. He seeks $ 1.00 and attorneys fees.

**Background**

Mr. Miller was arrested in July 2007 as a result of a traffic stop in Lakewood, Ohio. He was charged with receiving stolen property. A rifle was among the items recovered at the scene of the arrest. Mr. Miller contends he was released on bond and reported his arrest to his parole officer, Mr. Miracle on July 23, 2007. He states that Mr. Miracle tried to pressure him to become an informant for the police and, when he refused, Mr. Miracle aided in his prosecution. He claims Mr. Miracle interfered with a criminal investigation and tampered with evidence by test firing the weapon. He states his parole officer called an Alcohol, Tobacco, and Firearms ("ATF") agent who

sought a federal indictment on charges of possession of a weapon under disability. He pled guilty to the indictment on November 9, 2007. He indicates he also received a parole revocation hearing in the Lorain County jail. He states he was represented by a Lorain Public Defender at this hearing.

His statement of claims is very brief. He asserts that the OAPA should be held accountable for the actions of Parole Officer Miracle. He contends the Lakewood Police Department should be held liable for permitting the parole officer to test fire the weapon. He indicates they need "to be accountable for complicity to tampering with evidence and misconduct in office." (Compl. at 6.) Finally, he contends Parole Officer Miracle should be brought up on criminal charges of tampering with evidence, misconduct in office and "other laws he broke just [to[ punish me for not being his snitch." (Compl. at 6.)

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

As an initial matter, criminal actions in the federal courts are initiated by the United States Attorney.  28 U.S.C. § 547; Fed. R. Crim. P. 7(c).  A private plaintiff cannot bring criminal charges through a civil action.  This court is simply unable to grant the relief requested by plaintiff.

Moreover, Mr. Miller fails to identify any particular constitutional right he believes to have been violated by the defendants.  He provides a short narrative of facts and then concludes that the defendants should be charged with criminal violations.  He specifies on his civil cover sheet that he is proceeding under 42 U.S.C. § 1983.  Principles requiring generous construction of pro se pleadings are not without limits.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Beaudett, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.  Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action.  See Wells v. Brown, 891 F.2d at 594.  Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action.

Moreover, even if Mr. Miller had specified a particular constitutional right which he believes the defendants violated, he could not proceed with a cause of action under 42 U.S.C. §1983. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the complaint took place in 2007. This action was filed on January 7, 2010, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: June 23, 2010

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.